IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-1707-PSF-BNB

ELLIOT WILSTER, Derivatively On Behalf Of
RED ROBIN GOURMET BURGERS, INC.,

      Plaintiff,

v.

MICHAEL J. SNYDER, ROBERT J. MERULLO, JAMES T. ROTHE,
GARY J. SINGER, DENNIS B. MULLEN, BENJAMIN D. GRAEBEL,
and EDWARD T. HARVEY, JR.,

      Defendants,

and

RED ROBIN GOURMET BURGERS, INC., a
Delaware corporation,

      Nominal Defendant.

## NOMINAL DEFENDANT RED ROBIN GOURMET BURGERS, INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS IN THIS CASE AND IN PARALLEL SECURITIES ACTIONS

Nominal Defendant Red Robin Gourmet Burgers, Inc. ("Red Robin" or the "Company") hereby moves to stay discovery in this strike suit pending resolution of any motions to dismiss in this action and in the parallel federal securities class actions pending in this Court. *See Andropolis v. Red Robin Gourmet Burgers, Inc., et al.*, No. 05-CV-1563-EWN-BNB; *Baird v. Red Robin Gourmet Burgers, Inc., et al.*, No. 05-CV-1903-LTB (the "Securities Actions"). As explained below, to permit discovery in this derivative case during the pendency of a Private Securities Litigation Reform Act ("PSLRA") stay in the nearly-identical Securities Actions and

prior to resolution of dispositive motions filed in this action would undermine Congress' purpose in enacting the PSLRA, unduly burden Red Robin with potentially unnecessary discovery, and waste judicial resources. Discovery in this case therefore should be stayed until the mandatory stay is lifted in the Securities Actions and any motions to dismiss are resolved in this action.

## I.   BACKGROUND

On August 11, 2005, Red Robin issued a press release in which the Company announced that its former Chairman of the Board, Chief Executive Officer, and President, Michael J. Snyder, was retiring following an investigation by a special committee of the Board of Directors "relating to use of chartered aircraft and travel and entertainment expenses." Complaint ¶ 39. According to the release, the special committee "identified various expenses by Mr. Snyder that were inconsistent with Company policies or that lacked sufficient documentation," and Snyder had "agreed to reimburse the Company for such expenses following completion of the special committee's review." *Id.* The press release also announced the resignation of former Senior Vice President, James McCloskey. *Id.* At the same time, the Company announced that it was revising its full-year financial projections for 2005. The following day, Red Robin's stock price dropped by 23%. Complaint ¶ 40.

Just two business days later, on August 15, 2005, the first of the Securities Actions was filed in this Court, attempting to convert the Company's announcement into evidence of securities fraud. The action alleged that the Company intentionally concealed Snyder's conduct, and caused dissemination of misleading financial projections, thereby inflating Red Robin's stock price and allowing insiders to profit on stock sales. *See* Complaint, *Andropolis v. Red Robin Gourmet Burgers, Inc., et al.*, Civil Action No. 05-CV-1563-EWN-

BNB (filed August 15, 2005) ("Andr. Compl.") (attached as Exh. 1). Roughly two weeks later, on August 31, 2005, Plaintiff Elliot Wilster filed his tag-along Derivative Complaint ("Deriv. Compl."), borrowing liberally from the *Andropolis* Complaint.

Like the *Andropolis* Complaint, the Derivative Complaint focuses on the August 11, 2005 press release announcing the investigation of Snyder's expenses and his retirement from the Company, along with a November 8, 2004 8-K filing concerning a waiver of a provision in the Company's Code of Ethics and the terms of the Code of Ethics itself. *Compare* Deriv. Compl. ¶¶ 1, 6, 7, 35-40, 43 with Andr. Compl. ¶¶ 4, 5, 20-24, 29, 30, 36. Like the *Andropolis* Complaint, the Derivative Complaint alleges that Company insiders knew of Snyder's alleged "abuse" of his position but sought to hide it from the public so as to profit from their own stock sales. *Compare* Deriv. Compl. ¶¶ 6, 23, 26, 27, 29-33, 45, 46, 49, 53-55, 56, 60 with Andr. Compl. ¶¶ 7, 8, 16-18, 32-35. Both the Derivative Complaint and the *Andropolis* Complaint also allege that during the period between the November 8, 2004 8-K and the August 11, 2005 press releases – which the *Andropolis* Complaint defines as the "Class Period" and the Derivative Complaint defines as the "Relevant Period" – the Company issued inaccurate financial guidance to the market, which resulted from a lack of adequate internal controls. *Compare* Deriv. Compl. ¶¶ 8, 41, 69 with Andr. Compl. ¶¶ 1, 3, 32. Moreover, the Derivative Complaint points to the existence of parallel securities class actions as evidence that Red Robin has been damaged by the alleged wrongdoing and as the primary measure of those alleged damages. *See* Deriv. Compl. ¶¶ 13-19, 27, 30-31, 49(f), 49(h), 74. Notably, the attorney filing the *Andropolis* Complaint – Darren J. Robbins – is the brother of the attorney filing the Derivative complaint – Brian J. Robbins.

On September 8, 2005, Red Robin moved to dismiss the *Andropolis* action under Federal Rule of Civil Procedure 12(b)(6), triggering the automatic stay of the PSLRA. On September 14, 2005, Red Robin was served with the Complaint and Summons in *this* case. Then, on September 22, 2005, Andropolis moved to vacate his response to Red Robin's motion to dismiss that action on the ground that the motion allegedly was "premature" because the time for other would-be plaintiffs to seek appointment as "lead plaintiff" had not expired. Red Robin opposed that motion, pointing out that no other plaintiffs had surfaced as of that time. Subsequently, on September 30, 2005, another putative class action plaintiff filed another securities fraud complaint in this Court. *See Baird v. Red Robin Gourmet Burgers, et al.*, No. 05-CV-01903 (LTB). The *Baird* complaint (attached as Exhibit 2) is essentially identical to the *Andropolis* complaint, asserting the same factual allegations and legal claims against the same parties.

Contemporaneous with this motion to stay, Red Robin is moving to dismiss this action pursuant to Rules 12(b)(6) and 23.1 of the Federal Rules of Civil Procedure on the ground that Plaintiff has failed to allege with particularity any facts excusing his failure to make demand upon Red Robin's Board before filing this action on the Company's behalf. In the coming days, the Defendants Rothe, Singer, Mullen, Graebel, Harvey, and Merullo will be moving to dismiss this action pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted. 1/ In addition, because this case is nearly identical to the Securities Actions, Red Robin has filed a motion to consolidate this case with the first-filed *Andropolis* case.

---

1/   Counsel for Red Robin also represent those Defendants. Defendant Michael Snyder has separate counsel.

Given the almost complete overlap between this Derivative Action and the Securities Actions, the Court should exercise its discretion to stay this case pending resolution of any motions to dismiss in the Securities Actions. To permit this case to proceed while a stay is pending in the Securities Actions would undermine Congress' purpose in enacting the PSLRA, engender potentially burdensome, needless, and duplicative discovery, and waste judicial resources. In addition, because the dispositive motions in this action require no discovery for their determination and may dispose of the case in its entirety, this Court should exercise its discretion to stay discovery pending resolution of those motions.

## II.  ARGUMENT

### A.  This Court Should Stay Discovery in Light of the Parallel Proceedings Subject to the PSLRA.

The PSLRA provides an automatic stay of discovery during the pendency of any motion to dismiss in an action filed under the federal securities laws. *See* 15 U.S.C. § 77z-1(b)(1). The stay is absolute unless plaintiffs can establish that particularized discovery is necessary to (1) preserve evidence or (2) prevent undue prejudice to the moving party. *Id.* The PSLRA stay is intended to ensure plaintiffs will not burden defendants with unreasonable discovery demands in an effort to "resuscitate" complaints otherwise subject to dismissal before the court determines whether the claims will survive a motion to dismiss. *In re DPL, Inc. Sec. Litig.*, 247 F. Supp. 2d 946, 950-51 (S.D. Ohio 2003); *see also Newby v. Enron Corp.*, 338 F.3d 467, 471 (5th Cir. 2003) (affirming district court's stay of discovery in related state court securities actions to effectuate purpose of PSLRA stay).

Although the PSLRA does not expressly cover shareholder derivative actions, "the law is well settled that district courts have broad discretion to stay discovery upon the

showing of good cause." *In re AOL Time Warner, Inc. Sec. and "ERISA" Litig.*, 2003 WL 22227945, at *1 (S.D.N.Y. 2003); *see also Lindenau v. Alexander*, 663 F.2d 68, 74 (10th Cir. 1981) (noting that courts have broad powers and wide discretion in regulating discovery); *Green v. Johnson*, 977 F.2d 1383, 1391 (10th Cir. 1992) (same). In deciding whether to exercise their inherent power to stay discovery, courts consider "the breadth and burden of the requested discovery and the potential prejudice to the party opposing the stay." *AOL Time Warner*, 2003 WL 22227945, at *1 (internal citations omitted); *see also* Fed. R. Civ. P. 26(c).

Courts have recognized that where plaintiffs have filed overlapping securities fraud and derivative actions, it is appropriate to stay the derivative action while the PSLRA stay is in effect. For instance, in *AOL Time Warner*, the court refused to lift the discovery stay for the ERISA plaintiffs whose claims were consolidated with a securities class action until a motion to dismiss in the securities action was resolved. 2003 WL 22227945, at *1. The court noted that, as in this case, the factual basis of the parallel actions was essentially the same, so the discovery process would likely have to be repeated if the securities action survived the motion to dismiss. *Id.* Significantly, the *AOL Time Warner* court also rejected the ERISA plaintiffs' suggestion that the court allow them to complete discovery and either share it with the securities class or erect a protective "wall" prohibiting such sharing. The court rightly concluded that "Congress could not possibly have intended for the PSLRA to be so easily marginalized." *Id.* at *2.

Similarly, in *In re Cardinal Health, Inc. Securities Litigation*, 365 F. Supp. 2d 866 (S.D. Ohio 2005), the court granted a stay of discovery in a derivative action relating to accounting issues raised in a federal securities action where the derivative claim was "predicated almost entirely on the gravamen of the [securities fraud] complaints." The court noted that the

parallel action involved the same substantive allegations, and that allowing discovery in the derivative action pending resolution of the motion to dismiss in the securities action would place an "inordinately large burden" on the defendants, "waste substantial judicial resources," and create a risk of inconsistent rulings. *Id.* at 875-76; *see also Schwartz v. TXU Corp.*, 2004 WL 1732477, at *2 (N.D. Tex. 2004) (granting stay of parallel state derivative action to prevent circumvention of mandatory PSLRA stay in federal securities action); *Newby v. Enron Corp.*, 338 F.3d at 471 (affirming district court's stay of discovery in related state court securities actions to prevent end-run around PSLRA stay).

Importantly, courts have found a stay of discovery in parallel litigation especially appropriate where there appears to be evidence of collusion between lawyers and/or parties in the parallel actions. *See, e.g., AOL Time Warner*, 2003 WL 22227945, at *1 (refusing to lift a discovery stay for ERISA plaintiffs in multidistrict litigation involving parallel securities action partly because some counsel represented plaintiffs in both actions); *In re DPL.*, 247 F. Supp. 2d at 950-51 (granting discovery stay in parallel derivative actions where cases involved the same parties to prevent use of derivative suits as end-run around PSLRA to "resuscitate" complaints otherwise subject to dismissal).

In this case, the likelihood of collusion is clear. As noted, the complaint in this case borrows liberally from the *Andropolis* complaint, and the alleged damages in this case are predicated and dependent upon the existence and outcome of the Securities Actions. Moreover, the plaintiffs' attorneys in the two cases are brothers, and a preliminary review of federal court dockets indicates that Brian and Darren Robbins and their respective law firms have collaborated extensively in a considerable number of securities and derivative actions across the country in

...

recent years. *See* Declaration of Margery M. Fernald ("Fernald Decl.") (attached as Exh. 3), ¶¶ 2-5. For instance, Brian and Darren Robbins have served as co-counsel and even jointly represented plaintiffs in at least thirteen different securities actions. 2/ *See* Fernald Decl. ¶¶ 2-5. In all of those cases, Brian Robbins represented plaintiffs as a member of a smaller (currently eight person) law firm, Robbins Umeda & Fink LLP, and Darren Robbins represented plaintiffs as a member of Milberg Weiss Bershad Hynes & Lerach LLP or its splinter firm, Lerach Coughlin Stoia Geller Rudman & Robbins LLP. *Id.* at ¶¶ 2-4. In addition, Brian Robbins has served as co-counsel with a member of the firms of which Darren Robbins has been a member in at least ten securities cases filed between 1999 and 2005. 3/ *See* Fernald Decl. at ¶¶ 2-4, 6.

---

2/      *See Alewine, et al. v. Billings Concepts Cor, et al.* (98-CV-1216, W.D. Tex.), filed 12/31/1998; *Martin, et al. v. Maxim Pharmaceutical, et al.* (00-CV-2484, S.D. Cal.), filed 12/14/2000; *In Re: Guess Inc.* (2:01-cv-00871-LGB-RNB, C.D. Cal.), filed 1/20/2001; *In Re: Cisco Systems Inc.* (5:01-cv-20418-JW, N.D. Cal.), filed 4/20/2001; *Hirschfeld, et al. v. Immune Response Corp., et al.* (01-CV-1237, S.D. Cal.), filed 7/10/2001; *Howard v. Infonet Services, et al.* (2:02-cv-00507-NM-CW, C.D. Cal.), filed 1/17/2002; *Pirelli Armstrong, et al. v. Hanover Compressor, et al.* (4:02-cv-00410, S.D. Tex.), filed 2/04/2002; *In Re: Global Securities, et al. v. Winnick, et al.* (1:02-cv-00910-GEL-MHD, S.D.N.Y.), filed 2/05/2002; *Brockwell, et al. v. JDS Uniphase Corp., et al.* (4:02-cv-01574-CW, N.D. Cal.), filed 4/01/2002; *Bruckner, et al. v. Xcel Energy, et al.* (0:02-cv-02677-DSD-FLN, D. Minn.), filed 7/31/2002; *Schwartz, et al. v. TXU Corp., et al.* (3:02-cv-02243, N.D. Tex.) filed 10/15/2002; *In Re: Worldcom, Inc. Securities & ERISA Litigation* (1:02-md-01487-DLC, S.D.N.Y.), filed 10/16/2002; *Sheth, et al. v. OM Group Inc., et al.* (1:02-cv-02163-DCN, N.D. Ohio), filed 11/01/2002.

3/      *Laderer, et al. v. Agribiotech Inc., et al.* (CV-S-99-0144-PMP-LRL, D. Nev.), filed 2/05/1999; *Vitale v. Agribiotech Inc., et al.* (CV-S-99-0454-PMP-LRL, D. Nev.), filed 4/15/1999; *Steinbeck v. Emulex Corp.* (8:01-cv-00219-GLT-AN, C.D. Cal.), filed 2/20/2001; *Newby, et al. v. Enron Corp., et al.* (4:01-cv-03624, S.D. Tex.), filed 10/22/2001; *Fink v. Tyco International, et al.* (1:02-cv-02260-RCC, S.D.N.Y.), filed 3/20/2002; *Burke v. NVIDIA Corp. et al.* (4:02-cv-01425, N.D. Cal.), filed 3/25/2002; *Quinn v. Answerthink Inc., et al.* (02-CV-23423, S.D. Fla.), filed 11/26/2002; *Bielansky, et al. v. Salberg & Co., et al.* (03-CV-80596, S.D. Fla.), filed 7/02/2003; *Santopietro v. OCA Inc., et al.* (2:05-cv-02165-SSV-DEK, E.D. La.), filed 6/07/2005; *In Re: Pfizer Inc. Securities, Derivative and ERISA Litigation* (1:05-md-01688-RO, S.D.N.Y), filed 6/21/2005.

In light of these facts and the virtually identical allegations in this case and the Securities Actions, a stay of discovery is clearly appropriate. Discovery in this complex and factually intensive case will likely be broad, extremely burdensome, and highly duplicative of that in the Securities Actions. Moreover, it may be rendered unnecessary upon resolution of the pending motions to dismiss. In addition, a stay of discovery in this case will not prejudice the Plaintiff. On the contrary, given that this derivative action purports to be brought to protect *Red Robin's* interests, forging ahead with discovery under these circumstances would be particularly unwise and wasteful.

**B.     The Court Should Exercise Its Discretion To Stay Discovery Pending Resolution of Dispositive Motions.**

It is firmly established that "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (*citing Landis v. North Am.* Co., 299 U.S. 248, 254-55 (1936)); *see also* Fed. R. Civ. P. 26(c); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) ("Plaintiff must concede that the court has considerable discretion over the timing of discovery.") (internal citations omitted). 4/ Thus, "a trial court may properly exercise its discretion to stay discovery pending a decision on a dispositive motion." *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1988). 5/

---

4/     *Accord Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (holding discovery properly deferred until district court ruled on preliminary question that might dispose of case); *Green v. Johnson*, 977 F.2d 1383, 1391 (10th Cir. 1992) (noting "[t]he trial court has broad discretion regarding its control of discovery").

5/     *See also Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (affirming district court's stay of discovery pending resolution of motions to dismiss); *Transunion Corp. v. PepsiCo., Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (same); *United States v. County of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999) (same).

In addition, Fed. R. Civ. P. 26(c)(1) provides that "for good cause shown, the court... may make any order which justice so requires to protect a party or person from... undue burden or expense," including an order that "discovery not be had." Consequently, not only does the court have inherent power and authority to stay discovery but, "[p]ursuant to Rule 26(c), it is clear that the Court has the discretion to stay discovery for 'good cause,' and that *good cause may be shown where a party has filed (or sought leave to file) a dispositive motion such as a motion to dismiss.*" *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 WL 101277, at *2 (S.D.N.Y. 1996) (emphasis added); *see also Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (noting "courts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the entire action'" and citing various cases in which courts entered such stays).

The Tenth Circuit has endorsed the practice of staying discovery and the associated burden and expense that may be rendered unnecessary by rulings on dispositive motions. *See, e.g., Nolan v. U.S. Dept. of Justice*, 973 F.2d 843, 849 (10th Cir. 1992) (upholding court's stay of discovery pending disposition of motion for summary judgment). As courts in this Circuit have observed:

> It is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion, or where discovery on all issues of the broad complaint would be wasteful and burdensome.

*Kutilek v. Gannon*, 132 F.R.D. 296, 298 (D. Kan. 1990); *see also Merrill Lynch*, 357 F. Supp. 2d at 1280 (implementing stay of discovery where resolution of pending dispositive motion might dispose of entire action and citing various cases in support). "Another factor affecting the

reasonableness of a stay is whether the dispositive motion on its face has some merit." *Lyle v. Community Credit Corp.*, 1993 WL 566204 (D. Kan. 1993); *see also Anti-Monopoly*, 1996 WL 101277, at *4. Other relevant factors include: the type of motion and whether it is a challenge as a "matter of law" to the "sufficiency" of the allegations; the nature and complexity of the action; the posture or stage of the litigation; and the expected breadth and burden of discovery in light of the number of parties and complexity of the issues in the case. *See Hachette Distribution, Inc. v. Hudson County News Co., Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991); *Anti-Monopoly*, 1996 WL 101277, at *3-4.

In this case, the pending (and forthcoming) motions to dismiss challenge the sufficiency of Plaintiff's claims as a matter of law and, accordingly, no additional factual discovery is necessary for their resolution. Rather, the Court can rule on those motions simply by reviewing the Complaint itself. Moreover, given that Plaintiff's Complaint is based upon boilerplate, conclusory allegations, the motions to dismiss have substantial merit.

A host of other factors also weigh strongly in favor of a stay. First, because this case is in its infancy, a stay would not disrupt any scheduled proceedings. A Scheduling Order has not yet been entered by the Court, no trial date has been set, and the parties have engaged in no discovery to date. In addition, staying discovery would not severely prejudice the Plaintiff, who would be free to conduct discovery should the motions to dismiss in this case and in the Securities Actions be denied. *See, e.g., Merrill Lynch*, 357 F. Supp. 2d at 1280 (finding plaintiff would not be prejudiced by stay of discovery pending resolution of dispositive motion). 6/ In

---

6/   *Accord In re First Consitution Shareholders Litig.*, 145 F.R.D. 291, 294 (D. Conn. 1991) (finding good cause for stay of discovery in complex matter where enormous burden would be placed on defendants if discovery proceeded and noting that plaintiff would not be prejudiced

fact, because this is a derivative action purportedly brought on behalf of Red Robin, permitting potentially needless and burdensome discovery to proceed would be especially problematic. *Id.* Under these circumstances, a stay of discovery pending resolution of motions to dismiss is appropriate.

## III. LOCAL RULE 7.1 CERTIFICATION

Pursuant to D.C.COLO.LCivR 7.1(A), the undersigned has conferred with counsel for Plaintiff regarding a stay of proceedings pending resolution of any motions to dismiss in this case and in the Securities Actions. Plaintiff's counsel indicated that Plaintiff opposes the imposition of such a stay.

## IV. CONCLUSION

In light of the foregoing, this Court should exercise its discretion to stay discovery pending resolution of dispositive motions filed in this case and in the Securities Actions.

---

because there would be ample time for discovery if motion to dismiss was denied); *Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 1991) ("Plaintiffs do not demonstrate extraordinary prejudice to them. Plaintiffs will not be damaged by the grant of a stay of discovery until the motions to dismiss are decided."); *Hahn*, 190 F.3d at 719-720 (finding no substantial prejudice resulted from stay of discovery pending resolution of summary judgment motion because the information sought would not have salvaged the claims).

Respectfully submitted this 17th day of October 2005.

HOGAN & HARTSON L.L.P.


By:     s/Andrew R. Shoemaker
        Thomas L. Strickland (#10076)
        Andrew R. Shoemaker (#26710)
        Coates Lear (#33746)
        HOGAN & HARTSON L.L.P
        One Tabor Center, Suite 1500
        1200 Seventeenth Street
        Denver, Colorado  80202
        tlstrickland@hhlaw.com
        arshoemaker@hhlaw.com
        clear@hhlaw.com
        Telephone:  (303) 899-7300
        Facsimile:   (303) 899-7333

        *Attorneys for Defendants Robert J. Merullo,
        James T. Rothe, Gary J. Singer, Dennis B.
        Mullen, Benjamin D. Graebel, Edward T.
        Harvey and Nominal Defendant Red Robin
        Gourmet Burgers, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2005, I electronically filed the foregoing **NOMINAL DEFENDANT RED ROBIN GOURMET BURGERS, INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS IN THIS CASE AND IN PARALLEL SECURITIES ACTIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

F. James Donnelly:   fjamesdonnelly@comcast.net
Jeffrey A. Springer:   jspringer@springer-and-steinberg.com

and, I hereby certify that I have served the following non CM/ECF participants via United States mail, postage prepaid to the following:

Brian J. Robbins, Esq.
Marc M. Umeda, Esq.
Robbins Umeda & Fink, LLP
610 West Ash Street, Suite 1800
San Diego, California 92101


s/Tammy L. Fry